Schindler v Cellco Partnership (2021 NY Slip Op 06931)





Schindler v Cellco Partnership


2021 NY Slip Op 06931


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 


Index No. 158735/19 Appeal No. 14824&M-03633 Case No. 2021-01097 

[*1]Jane Schindler, Plaintiff-Appellant,
v
Cellco Partnership Doing Business as Verizon Wireless, Defendant-Respondent, John/Jane Doe Nos. 1 through 3, etc., Defendant.


Hantman & Associates, New York (Robert J. Hantman of counsel), for appellant.
Lowenstein Sandler LLP, New York (Gavin J. Rooney of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered September 21, 2020, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Cellco Partnership doing business as Verizon Wireless to compel arbitration, unanimously affirmed, without costs.
The sole issue before this Court is whether the issue of arbitrability was properly delegated to the arbitrator. We find that it was. The record supports a conclusion that plaintiff was a Verizon Wireless customer, and that she voluntarily accepted the terms of the Verizon Customer Agreement and the arbitration provision contained within it. While there is generally a presumption that the issue of arbitrability will be determined by the courts, the arbitrator decides the issue where the parties evince a "clear and unmistakable agreement to arbitrate arbitrability as part of their alternative dispute resolution choice" (Matter of Smith Barney Shearson Inc. v Sacharow, 91 NY2d 39, 46 [1997][internal quotation marks omitted]). The parties did, in fact, make that agreement, since the AAA rules were incorporated into the parties' arbitration provision (Anima Group, LLC v Emerald Expositions, LLC, 191 AD3d 572, 573 [1st Dept 2021]; Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's, 66 AD3d 495, 496 [1st Dept 2009], affd 14 NY3d 850 [2010]).
We have considered the parties' remaining contentions and find them unavailing. M-03633 — Jane Schindler v Cellco Partnership doing business as Verizon Wireless
Motion for a stay of arbitration pending appeal, denied, as academic.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021